UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUN 21 2021
JEFFREY P. ALLSTEADT, CLERK

IN THE UNITED STATES BANKRUPTCY COURTHOUSE
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LARRY R. SCHROEDER ) | Disciplinary Proceeding |
| Debtor ) | |
| ) | Hon. Jack B. Schmetterer |
| ) | ADV. NO. 20-AP-00150 |
| ) | |
| PATRICK S. LAYNG, ) | Chapter 7 |
| U.S. TRUSTEE ) | Bankruptcy No.: 19-BK-29498 |
| Plaintiff ) | |
| ) | |
| V. ) | |
| ) | |
| RUSSELL JAMES STEWART, and ) | |
| MICHELLE M. MIGASI ) | |

## ANSWER TO STATEMENT OF CHARGES AND RULE TO SHOW CSUSE

NOW COMES the adversary Defendant HEREIN, **Russell James Stewart**, and for his Reply to the U.S. Bankruptcy Clerk's STATEMENT OF CHARGES and RULE TO SHOW CAUSE, says as follows:

The standard for issuance of a Rule to Show Cause is conduct by a litigant or attorney which is willful, wanton and contumacious, and in open and knowing violation of a Court Order or Rule.

It is clear and self-evident that attorney Stewart did not knowingly violate any Court Order or Rule. In fact, if there is any willful or contumacious conduct, it is by the office of the clerk of the Northern District of Illinois, which in 2016 suspended Stewart's privileges to practice before the District WITHOUT NOTICE, and then maintained the suspension after Stewart was reinstated in State Court. And, incredibly, the clerk did not put a block on Stewart's ECF account until 2020. It seems the Clerk is adept at monitoring suspended practitioners, but not reinstated practitioners.

Stewart filed a petition with the executive committee when his

ECF account was blocked in 2020 at the behest of the UST, but that petition remains pending and unresolved.

The record is clear that Stewart is an Illinois attorney in good standing, and has been since 2016. The record is also clear that Stewart was suspended in December 2015 for 6 months, and reinstated in 2016. During that period Stewart did not practice law. Stewart sold his business property in August 2017 and essentially closed his practice.

Stewart was admitted to the Illinois bar in 1979 and coterminously to the bar of the Northern District that same year. For almost 40 years Stewart's practice was concentrated in state Court, not federal Court. Stewart is a sole practitioner.

Stewart's federal Court practice was limited to debtor bankruptcy filings under Ch. 7 or Ch. 11 and serving as a debt relief agency, and also plaintiff's work in election and voting rights litigation.

At some point ECF was implemented and Stewart and his paralegal took the requisite training. This was in the mid-2000s. The office procedure was that a client, upon evidencing interest in a bankruptcy by calling the office and my staff would forward a "worksheet" to them with a cover letter explaining rules and needed documents. Upon receipt they would talk to me about fees and procedures. Stewart's staff would then prepare the petition and schedules, using the BANKRUPTCY software. Most bankruptcies were uncomplicated "no asset"

filings. Stewart would appear at the creditor's meetings.

After Stewart's 6-month suspension, existing clients were notified, and Stewart withdrew from their cases (including the Cvorak bankruptcy).

My paralegal (co-defendant Migasi), during my absence, worked for an attorney clerking and paralegal company in 2015, and checked voice mails left on my office phone number. She would advise former clients of my status, recommend them to other attorneys as appropriate, and assist other attorneys in her capacity as a paralegal and attorney's clerk.

The subject Baratti and Schroeder bankruptcies occurred after Stewart's reinstatement. Migasi did the intake, mailed forms to the clients to fill out and return with payment, and showed up in my absence for health reasons to continue the creditor's meetings, unless otherwise chosen by Trustee. Stewart ONLY attended Schroeder's final continued meeting, for which he was paid $400.00 from Schroeder. Schroeder paid for his fling fees.

After Stewart's 2015 suspension, he was never notified by either letter or email of his suspension from the federal court. Stewart had no knowledge thereof until 2020. No letters nor emails were received regarding such. There was no termination of his ECF account. There was no block on his ECF filings. That is total incompetence.

On another collateral matter, Stewart is the subject of a

political vendetta by UST attorney John Paul Holtkamp, who is a "woke" activist. Stewart has been writing a political column for 48 years in the northwest side Chicago Nadig Newspapers (see www.russstewart.com), and Holtkamp takes umbrage at my 1,550-words-a-week "unwoke" political commentary. Holtkamp's brazen attempt to censor and cancel Stewart is sad and pathetic.

In sum, Stewart's conduct has not been willful, wanton or contumacious. He never got NOTICE of his federal Court suspension. He was and is a licensed Illinois attorney. He was unaware of his suspension, and when made aware, has since been seeking to rectify it.

WHEREFORE, Stewart prays that a Rule to Show Cause be denied.

Dated: June 20, 2021

_____
**Russell J. Stewart**, Defendant
Address: 6245 N. Niagara St
Chicago, IL 60631